UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CV-20-F

| | | |
|---|---|---|
| JACK CHARLES, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| THE HONORABLE CHRISTOPHER | ) | |
| BEAN, JODI L. TWIFORD, and | ) | |
| DONNA D. BRICKHOUSE., | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's emergency petition for temporary restraining order [DE-2]. The plaintiff ("Charles") requests a "pre-filing order" against the defendants for "ghostwritten vexatious litigation." Although it is by no means clear, it appears that Ms. Brickhouse is pursuing some form of civil litigation against Charles in North Carolina state court. The remaining defendants are Judge Bean, a state District Judge for Currituck County and Ms. Twiford, an assistant clerk of court for Currituck County. Judge Bean and Ms. Twiford are apparently involved in the civil case between Charles and Brickhouse. The motion meanders from allegations regarding frivolous lawsuits to allegations related to "ghostwriting" and the unauthorized practice of law, but it appears Charles generally requests that the court issue a temporary restraining order preventing the Defendants from prosecuting the civil action because he was not properly served with process and the state court action is vexatious to him.

The motion is frivolous and it is DENIED. Charles has failed to satisfy, or even address, the common four-part test governing motions for preliminary injunctive relief. The United States

Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 345 (4th Cir. 2009), *vacated on other grounds*, _U.S._, 130 S.Ct. 2371 (2010). Charles is not likely to succeed on the merits, as his entire case is predicated on the theory that this court can enjoin a state court from maintaining a civil action against him. In general, this court is without the authority to enjoin state court proceedings or to enjoin private citizens from maintaining state court civil actions. *See Atlantic Coastline R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 287 (1970) ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."). If the state court case is frivolous or vexatious, or if Charles wishes to contest personal jurisdiction, Charles's remedy is in the state court system. Moreover, Charles has failed to demonstrate irreparable harm. While certainly inconvenient, defending against a frivolous civil action does not rise to the level of irreparable harm. Finally, neither the balance of equities nor the public interest favor an injunction on the facts alleged in this motion. Accordingly, Charles's emergency petition for temporary restraining order [DE-2] is DENIED.

SO ORDERED.

This the 1st day of April, 2014.

                                              *James C Fox*
                                          JAMES C. FOX
                                          Senior United States District Judge